UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHIRLEY LOTTEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4963** |
| **ALLSTATE INDEMNITY COMPANY** | **SECTION: D (4)** |

ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant GeoVera Specialty Insurance Company.[1] Plaintiff Shirley Lotten opposes the Motion.[2] The Defendant filed a Reply in support of its Motion.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

I.     FACTUAL & PROCEDURAL BACKGROUND

This Hurricane Ida insurance claim stems from damage to Plaintiff Shirley Lotten's residential property (the "Property") in Avondale, Louisiana.[4] Defendant GeoVera Specialty Insurance Company ("GeoVera") issued Plaintiff a residential insurance policy bearing Policy Number GC60016408 (the "Policy") insuring the Property.[5] That Policy provides a two-year prescriptive period for all claims against the Defendant to be filed.[6] On August 29, 2021, the Property sustained extensive damage due to Hurricane Ida.[7] Plaintiff subsequently notified the Defendant of the

---

[1] R. Doc. 19.
[2] R. Doc. 23.
[3] R. Doc. 24
[4] *See* R. Doc. 12 at ¶¶ 1, 4.
[5] *See id.* at ¶ 4.
[6] *See* R. Doc. 19-1 at p. 2.  Although GeoVera states that it attached the Policy as an exhibit to its Motion, no such exhibit was attached.
[7] *See* R. Doc. 12 at ¶¶ 6–7.

loss and provided proof of loss to the Defendant.[8] Plaintiff retained a construction company to prepare an estimate of the damages to the Property and mistakenly sent the estimate and accompanying exhibits to Allstate Indemnity Company rather than to the Defendant.[9] According to the Plaintiff, the Defendant has not fully paid for the damages to the Property.[10]

Plaintiff initially filed this action against Allstate Indemnity Company ("Allstate") in this Court on August 29, 2023, seeking coverage for the property damage caused by Hurricane Ida, and also seeking to recover extra-contractual penalties pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.[11] In its Complaint, Plaintiff asserted claims against Allstate for breach of contract and bad faith, alleging that Allstate did not fully and timely pay Plaintiff's insurance claims for property damage arising out of the physical damage to the Property.[12]

Over three months after filing the Complaint, Plaintiff filed a First Amended Complaint naming GeoVera Specialty Insurance Company as the sole defendant.[13] Plaintiff avers that she mistakenly named Allstate Indemnity Company in her original Complaint because she was "under the mistaken understanding that [Allstate] was the insurer for windstorm coverage."[14] Other than the change in the named defendant, the First Amended Complaint substantially mirrors Plaintiff's

---

[8] *See id.* at ¶ 8.
[9] *See id.* at ¶ 10.
[10] *See id.* at ¶¶ 11–12.
[11] *See* R. Doc. 1; La. R.S. 22:1892 and 22:1973.
[12] *See* R. Doc. 1.
[13] R. Doc. 12, filed January 10, 2024.
[14] *See id.* at ¶ 10.

initial Complaint.[15] Plaintiff served GeoVera with her First Amended Complaint on January 26, 2024.[16]

In the instant Motion, GeoVera moves the Court to dismiss Plaintiff's complaint as time-barred because the First Amended Complaint naming GeoVera for the first time was filed more than two years after Hurricane Ida, thus past the prescriptive period, and because the amendment does not relate back to the original Complaint under Fed. R. Civ. P. 15.[17] Plaintiff filed a response in opposition to the Motion conceding that the Plaintiff mistakenly named Allstate rather than GeoVera as a defendant in her original Complaint and that her claims against GeoVera were untimely filed but arguing that the Court should not dismiss her claims in the interest of justice and equity.[18] GeoVera filed a brief reply arguing that the Plaintiff incorrectly relies on state rather than federal law on the issue of relation back of amendments to pleadings and contending that GeoVera would be prejudiced if the Court does not grant its Motion.[19]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[20] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[15] *Compare* R. Doc. 1 *with* R. Doc. 12.
[16] *See* R. Doc. 19-1 at p. 3.
[17] R. Doc. 19-1.
[18] R. Doc. 23.
[19] R. Doc. 24.
[20] Fed. R. Civ. P. 12(b)(6).

on its face.'"[21] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[23]

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[24] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[25] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[26] Dismissal under Rule 12(b)(6) may also be appropriate "where it is evident from the plaintiff's pleadings that the action" has prescribed under the applicable prescription statute.[27] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[28]

---

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[22] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678) (quotation marks omitted).
[23] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[24] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[25] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[26] *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[27] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)); *see also Anderson v. City of New Orleans*, No. CIV.A. 03-3010, 2004 WL 1396325, at *3 (E.D. La. June 18, 2004) ("A complaint is subject to dismissal for failure to state a claim upon which relief can be granted if the prescriptive period has run.").
[28] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340–41 (5th Cir. 2011).

## III.  ANALYSIS

It is undisputed in this case that Plaintiff's First Amended Complaint naming GeoVera as a Defendant for the first time was filed after the two-year prescriptive period[29]; Plaintiff had until August 29, 2023 to file suit against GeoVera but did not file her First Amended Complaint until January 10, 2024, 134 days after her claims prescribed.[30]  However, because Plaintiff filed her initial Complaint against Allstate on August 29, 2023, the last date of the prescriptive period, her amended complaint may be considered timely if it "relates back" to her original complaint.  Whether an amended complaint relates back to an original complaint is governed by Federal Rule of Civil Procedure 15(c), which provides in relevant part:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> . . .
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party is brought in by amendment:
>     (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

---

[29] Louisiana Revised Statute 22:868(B) provides in relevant part that "[n]o insurance contract . . . shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months next after the inception of the loss when the claim is a first-party claim."  Here, the Policy provides that "[n]o action can be brought . . . unless . . . the action is started within two years after the date of loss."  See R. Doc. 19-1 at p. 2.

[30] See R. Doc. 23 at p. 2 ("It is undisputed that prior enrolled counsel failed to timely amend the initial Complaint to name the proper insurer for windstorm damages.").

>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[31]

Because Plaintiff's First Amended Complaint names a new party, she must satisfy the requirements of Fed. R. Civ. P. 15(c)(1)(C) for her amended complaint to "relate back" to the original complaint.

Plaintiff fails to demonstrate that her First Amended Complaint meets Rule 15(c)'s "relation back" requirements. First, Plaintiff provides no evidence that she provided any notice of the action to GeoVera "within the period provided by Rule 4(m) for serving the summons and complaint," *i.e.*, 90 days.[32] "[I]f the statute of limitations has expired and plaintiff is unable to show that defendant received notice within the Rule 4 service period, the proposed amendment will not be allowed to relate back."[33] Plaintiff did not serve GeoVera with a copy of the First Amended Complaint until January 26, 2024, greater than 90 days after the institution of the action.[34] Moreover, Plaintiff fails to provide any evidence of notice, whether formal or informal, given to GeoVera within the applicable time period. Instead, Plaintiff baldly states that GeoVera "would likely have received notice of the institution of the action as Allstate would have been aware of its exclusion and would have likely put GeoVera on notice

---

[31] Fed. R. Civ. P. 15(c). Plaintiff incorrectly cites to Louisiana Code of Civil Procedure article 1153 as the applicable law for "relation back." *See* R. Doc. 23 at p. 4. In a diversity case such as this one, the Court applies federal, not state, procedural law. *See, e.g.*, *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Accordingly, the Court looks to the Federal Rules of Civil Procedure, not to the Louisiana Code of Civil Procedure, for the applicable legal standard.
[32] Defendant incorrectly states that Plaintiff had 120 days to provide notice to the Defendant. *See* R. Doc. 19-1 at pp. 3, 4. The Court notes that Rule 4(m) was amended in 2015 to shorten the time for serving a defendant from 120 days to 90 days.
[33] 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1498.1 (3d ed.).
[34] R. Doc. 19-1 at p. 3.

of the action[.]"[35]  Plaintiff's speculation lacks any support and is insufficient to sustain her burden.

Plaintiff also fails to show that GeoVera either "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."[36]  There is nothing in the record to support that Allstate and GeoVera are in any way related legal entities.[37]  Further, there is nothing in the record whatsoever to suggest that GeoVera either knew or should have known that Plaintiff meant to bring her action against it rather than Allstate.  Although Plaintiff generically mouths the language of Rule 15 summarily stating that GeoVera "knew or should have known that but for the clerical error of Plaintiff's counsel, the action would have been brought against them,"[38] Plaintiff provides no evidence or reason to support this contention.  The Court finds that Plaintiff fails to demonstrate that her First Amended Complaint "relates back" to her original Complaint.  Accordingly, her claims against GeoVera are untimely and must be dismissed with prejudice.

As a last-ditch effort, Plaintiff argues that notwithstanding her tardiness in filing her claims against GeoVera, the Court should deny GeoVera's Motion in the name of justice and equity, asking that her "case not be dismissed due to an oversight by her attorney."[39]  Plaintiff's reason for the late filing, thin at best, advises that it was "discovered, relatively recently" that the Allstate policy did not apply to the

---

[35] R. Doc. 23 at p. 5.
[36] Fed. R. Civ. P. 15(c)(1)(C)(ii).
[37] Other than both companies being in the residential insurance market, there is no connection or relationship between the companies.  One is not, for example, a subsidiary of the other.  Moreover, both entities are represented by separate counsel.
[38] R. Doc. 23 at p. 5.
[39] *Id.* at p. 3.

matter and "was thereafter discovered" that GeoVera was the proper defendant.[40] Plaintiff gives no further information or timeframe on how this information came about. Plaintiff readily concedes that she made a mistake in naming Allstate when GeoVera should have been named in the initial pleading.[41] Plaintiff then advises that prior counsel was overwhelmed with Ida cases in an understaffed office and asserts that "the detailed nuances of each and every policy was [sic] regrettably overlooked" when the action was filed shortly before the prescriptive period.[42]

The Court denies Plaintiff's request to disregard the untimeliness of her First Amended Complaint. Were the Court to accept Plaintiff's argument, the Court would render prescriptive periods mere suggestions and "best practices," thereby prejudicing defendants. In this matter, based on the facts presented, the interests of justice are best served by enforcing and upholding the clearly established law. The Court grants GeoVera's Motion to Dismiss and dismisses Plaintiff's claims with prejudice as prescribed.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that GeoVera's Motion to Dismiss[43] is **GRANTED**.

---

[40] *Id.* at p. 1.
[41] *Id.* at p. 2.
[42] *Id.* at p. 3.
[43] R. Doc. 19.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant GeoVera Specialty Insurance Company are **DISMISSED with prejudice**.

New Orleans, Louisiana, May 9, 2024.

_____
**WENDY B. VITTER**
**United States District Judge**